Timothy D. Reuben [SBN 94312]
Trenton E. Hartzler [SBN 318319]
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 777-1990
Facsimile: (310) 777-1989
Email: tdr@rrbattorneys.com
Email: thartzler@rrbattorneys.com

Attorneys for Plaintiffs THE PEONIES SHOP LLC
and THE PEONIES SHOP AMERICA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEONIES SHOP LLC, a California Limited Liability Company, and THE PEONIES SHOP AMERICA LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>TRADING CAPITAL CORPORATION, a California Corporation; GIORGI PAPASHVILI, an individual; KATERYNA SHEVCHENKO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-03054<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **FEDERAL TRADEMARK DILUTION;**<br>3. **FEDERAL UNFAIR COMPETITION;**<br>4. **CALIFORNIA STATE TRADEMARK INFRINGEMENT;**<br>5. **CALIFORNIA STATE UNFAIR COMPETITION; AND**<br>6. **DECLARATORY RELIEF** |

The Peonies Shop LLC and The Peonies Shop America LLC (collectively, "TPS" or "Plaintiffs") bring this action for trademark infringement, dilution, and unfair competition; California state trademark infringement and unfair competition; and declaratory relief against Trading Capital Corporation, Giorgi Papashvili, Kateryna Shevchenko, and DOES 1 - 10 (collectively, the "Defendants").

1

**THE PARTIES**

1. The Peonies Shop LLC is a limited liability company registered under the laws of the State of California and does business in Los Angeles County.

2. The Peonies Shop America LLC is a limited liability company registered under the laws of the State of Delaware.

3. Trading Capital Corporation is incorporated under the laws of the State of California and has its principal place of business in Beverly Hills, California. On information and belief, Trading Capital Corporation does business in California and Los Angeles County.

4. Giorgi Papashvili is an individual residing in the Central District of California. Papashvili is an officer of and, on information and belief, is the sole shareholder of Trading Capital Corporation. There exists, and at all times relevant thereto there existed, a unity of interests and ownership between Papashvili and Trading Capital Corporation such that any individuality and separateness between them never existed or has ceased to exist, and Trading Capital Corporation is the alter ego of Papashvili. To adhere to the fiction of the existence of Trading Capital Corporation as separate and distinct from Papashvili would permit an abuse of corporate privileges, would sanction fraud, and would promote injustice.

5. Kateryna Shevchenko is an individual residing in the Central District of California and is holding herself out as the "founder" of PEONIES FLOWERS SHOP.

6. As of this filing, the identities of the individuals and/or entities that registered the fictitious business name "PEONIES FLOWERS SHOP" with the Los Angeles County Registrar-Recorder and are responsible for its operations are unknown. Accordingly, on information and belief, there is one or more other individuals or entities who make, obtain, distribute, supply, and sell products in violation of law and violate TPS's rights as alleged herein, but TPS is ignorant of their true identity or complete role in that alleged conduct and therefore sues them

by the fictitious names DOES 1 to 10. TPS is informed and believes that each of the Defendants designated as a Doe is liable in some manner for the acts and omissions, damages, and injuries of which TPS alleges in this Complaint. TPS will seek to amend this Complaint to state the true identities of Does 1 to 10 when ascertained.

7. On information and belief, each of the Defendants were at all relevant times acting as the agent, employee, or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the damages and injuries alleged, were acting within the scope of such agency, employment, or conspiracy. The Defendants, and each of them, have committed acts in furtherance of the conspiracy, have given aid and encouragement to the conspirators, and have ratified and adopted the acts of their co-conspirators.

**JURISDICTION AND VENUE**

8. This is an action for trademark infringement, dilution, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the law of the State of California, based on the unauthorized use of TPS's trademark THE PEONIES SHOP in connection with products that Defendants offer under the name PEONIES FLOWERS SHOP. This action also alleges a claim for declaratory relief.

9. This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121 (trademarks) and 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), and 1367 (related state law claims).

10. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (c) because all of the Defendants reside in California, a majority of which reside in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this District.

## FACTUAL BACKGROUND

11. TPS is and had been engaged in the sale of flowers and has built a successful business in connection therewith. TPS currently operates physical locations in Los Angeles, California; New York, New York; Miami, Florida; and Phoenix, Arizona under the name "THE PEONIES SHOP." TPS has further licensed the "THE PEONIES SHOP" name to a franchisee who has opened a physical location in Dallas, Texas. TPS also does business, without a physical storefront, in the following markets: Seattle, Washington; Portland, Oregon; Las Vegas, Nevada (physical storefront location opening soon); Chicago, Illinois; Houston, Austin, and San Antonio, Texas; Boston, Massachusetts; Philadelphia, Pennsylvania; Washington, D.C.; and Atlanta, Georgia.

12. In Los Angeles, California, TPS has been engaged in the sale of flowers since 2020. Throughout the ensuing years, TPS has been using the name "THE PEONIES SHOP" in Los Angeles and elsewhere and has built up substantial reputation and goodwill under this name. TPS operates in Los Angeles both through its storefront location and through the internet, including through the domain names http://www.thepeoniesshop.com and http://www.peonies-shop.com. TPS has undertaken efforts and expended money to advertise and market its products in California and elsewhere under the name THE PEONIES SHOP.

13. In or about March 2023, Defendants began advertising and operating a substantially similar business to that of TPS, under the substantially and confusingly similar name of "PEONIES FLOWERS SHOP," in close proximity to TPS's Los Angeles County, California location. Defendants are engaged in the sale of flowers in Los Angeles County, California under the name PEONIES FLOWERS SHOP in an intentional attempt to unfairly capitalize on TPS's trademark and its goodwill and reputation and tarnish the THE PEONIES SHOP name. Defendants have sold flowers to customers in Los Angeles County, including sales made through the internet at http://www.peoniesflowers.com.

Defendants have caused actual confusion in the marketplace which resulted from their use of the PEONIES FLOWERS SHOP name.

14. By letter dated April 6, 2023, Defendants were advised of TPS's rights in the THE PEONIES SHOP name and mark, and demand was made to cease and desist all use of THE PEONIES SHOP in connection with Defendants' products.

15. Prior to this, the founder of TPS, Victoria Surma, was in a dating relationship with Papashvili which ended poorly and resulted in domestic violence litigation between the parties in California state court. However, prior to their break up, Surma and Papashvili, by and through The Peonies Shop LLC and Trading Capital Corporation, respectively, entered into a franchise agreement whereby TPS licensed the THE PEONIES SHOP name to Papashvili within a certain geographic territory in Orange and Riverside Counties and a portion of Los Angeles County. A true and correct copy of the "Exclusive Licensing and Marketing Agreement" is attached hereto as **Exhibit A**. In this franchise agreement, Papashvili acknowledged that TPS is the sole owner of the THE PEONIES SHOP name and mark. Papashvili, however, never paid the franchise fee and the licensing terms of the agreement never went into effect.

16. Defendants' use of a substantially similar name in connection with essentially identical products as TPS is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or approval by TPS of the products of Defendants.

17. Defendants, in their infringing and offensive use of the name PEONIES FLOWERS SHOP in connection with their products and in the promotion of their products through the use of that trademark on the Internet and elsewhere, have caused and are causing irreparable and immediate harm to the distinctive quality of TPS's THE PEONIES SHOP name and mark.

18. Defendants have made affirmative efforts to deceive and confuse

5

consumers as to the origin of their products by, among other things, misrepresenting the background and qualifications of Shevchenko to reflect the background and qualifications of Surma, marketing strikingly similar products in strikingly similar containers (selling flowers in boxes displaying the THE PEONIES SHOP logo instead of vases just as TPS does with the THE PEONIES SHOP logo), obtaining a physical address on "Beverly Drive" to confuse consumers trying to find TPS's Los Angeles location on "Beverly Blvd.", and recreating TPS's promotional photography with the same background in Beverly Hills.

## FIRST CLAIM FOR RELIEF
## FOR FEDERAL TRADEMARK INFRINGEMENT
## AGAINST ALL DEFENDANTS

19. TPS incorporates paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Notwithstanding TPS's superior rights in the THE PEONIES SHOP mark by prior use of the mark, Defendants are currently marketing and selling PEONIES FLOWERS SHOP goods that are essentially the same goods provided by TPS under the THE PEONIES SHOP mark.

21. Defendants have infringed TPS's trademark THE PEONIES SHOP, in violation of 15 U.S.C. § 1125, which imposes liability for the use in commerce of any word, term, or name which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with TPS, and/or as to the origin, sponsorship, and/or approval of Defendants' PEONIES FLOWERS SHOP by TPS.

22. TPS has and continues to be directly damaged by Defendants' infringement of TPS's trademark.

23. TPS is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged

herein. TPS is also entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. TPS is presently unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein, but alleges that same is not less than $100,000.

24. Defendants' adoption and continued use of the PEONIES FLOWERS SHOP name has been knowing and intentional with the intent to infringe on TPS's THE PEONIES SHOP trademark, and treble damages should be awarded. Further, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and therefore an award to TPS of its reasonable attorney's fees is justified.

25. TPS demands and is entitled to an accounting from each Defendant, including all information necessary to permit TPS to determine the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

26. Unless enjoined by this Court, Defendants will continue to infringe the THE PEONIES SHOP mark, thereby deceiving the public and causing TPS to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FOR FEDERAL TRADEMARK DILUTION
## AGAINST ALL DEFENDANTS

27. TPS incorporates paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Notwithstanding TPS's superior rights in the THE PEONIES SHOP mark by prior use of the mark, Defendants are currently marketing and selling flowers under the name PEONIES FLOWERS SHOP, blurring the PEONIES FLOWERS SHOP name with TPS's THE PEONIES SHOP mark and impairing its

7

distinctiveness. On information and belief, Defendants are further selling sub-par goods and providing sub-par customer service to consumers, tarnishing the reputation of TPS's THE PEONIES SHOP mark.

29. Defendants have diluted TPS's THE PEONIES SHOP trademark by blurring and by tarnishment, in violation of 15 U.S.C. § 1125, which provides for injunctive relief against any party prohibiting the use of any mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment.

30. Unless enjoined by this Court, Defendants will continue to dilute TPS's THE PEONIES SHOP mark by blurring and/or by tarnishment and causing TPS to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FOR FEDERAL UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

31. TPS incorporates paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Defendants have engaged and continue to engage in acts of unfair competition in violation of 15 U.S.C. § 1125.

33. Defendants' use of the PEONIES FLOWERS SHOP name in the manner alleged herein constitutes a false designation of origin within the meaning of 15 U.S.C. § 1125, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and/or approval of Defendants' PEONIES FLOWERS SHOP by TPS. Such false designation of origin is material and is likely to influence consumer purchasing decisions.

34. Defendants' use of the PEONIES FLOWERS SHOP name in the manner and geographic locations alleged herein unfairly trades and free-rides on the goodwill and reputation that TPS has developed in the THE PEONIES SHOP mark and the goods associated therewith. Such conduct constitutes unfair

8

competition and is causing TPS to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

35. Further, TPS has no control over the nature and quality of the goods sold by Defendants under the PEONIES FLOWERS SHOP name. Any dissatisfaction with Defendants' PEONIES FLOWERS SHOP goods is likely to irreparably impair the goodwill and reputation associated with the THE PEONIES SHOP mark that TPS has developed over the years.

36. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while TPS has suffered damages of a nature and in an amount according to proof at trial.

37. TPS is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. TPS is also entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. TPS is presently unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein, but alleges that same is not less than $100,000.

38. Defendants' adoption and continued use of the PEONIES FLOWERS SHOP name has been knowing and intentional with the intent to trade on TPS's goodwill and reputation.

39. TPS demands and is entitled to an accounting from each Defendant, including all information necessary to permit TPS to determine the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

40. Unless enjoined by this Court, Defendants will continue to engage in acts of unfair competition, thereby deceiving the public and causing TPS to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## FOR CALIFORNIA STATE TRADEMARK INFRINGEMENT
## AGAINST ALL DEFENDANTS

41. TPS incorporates paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Notwithstanding TPS's superior rights in the THE PEONIES SHOP mark by prior use of the mark, Defendants have used and are continuing to use a mark substantially and confusingly similar to TPS's THE PEONIES SHOP mark in connection with Defendants' (nearly identical) business without TPS's consent and in violation of California Business and Professions Code § 14245.

43. Defendants' use of PEONIES FLOWERS SHOP has caused and will continue to cause confusion, mistake, and deception among TPS's customers, potential customers, and other persons in California.

44. TPS is entitled to preliminary and permanent injunctive relief prohibiting Defendants' wrongful use of a confusingly similar mark in California, under California Business and Professions Code § 14247.

## FIFTH CLAIM FOR RELIEF
## FOR CALIFORNIA UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

45. TPS incorporates paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The conduct of Defendants as alleged herein constitutes unlawful, unfair, or fraudulent business practices and unfair competition with TPS in violation of Sections 17200 *et seq.* of the California Business and Professions Code.

47. On information and belief, Defendants have been unjustly enriched as a direct and proximate result of their actions as alleged herein, and TPS is entitled to recover such amount that Defendants have been unjustly enriched, in an amount

according to proof at trial but not less than $100,000.

48. The wrongful conduct of Defendants as alleged herein will, unless they are enjoined and restrained by order of this Court, cause great and irreparable injury to TPS's rights.

49. TPS has no adequate remedy at law for the wrongful conduct of Defendants as alleged herein, in that Defendants will continue their wrongful conduct unless they are enjoined and restrained from doing so.

50. TPS is entitled to equitable relief requiring that Defendants, their agents, servants and employees, and all persons and entities acting in concert with them cease from directly or indirectly misappropriating and interfering with TPS's rights in the THE PEONIES SHOP name and mark and from directly or indirectly continuing to market, advertise, offer, sell, transfer, or display products under the PEONIES FLOWERS SHOP name or assist in any such activity.

## SIXTH CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF
## AGAINST DEFENDANT TRADING CAPITAL CORPORATION AND DEFENDANT GIORGI PAPASHVILI

51. TPS incorporates paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. On or around January 9, 2022, TPS entered into a franchise agreement with Trading Capital Corporation by and through Papashvili, titled "Exclusive Licensing and Marketing Agreement" attached hereto as **Exhibit A**. Pursuant to this franchise agreement, Papashvili was required to pay a franchise fee of $6,000 to TPS. However, this franchise fee was never paid.

53. Now, therefore, there is a dispute between the parties as to the validity and enforceability of the franchise agreement. TPS contends that the contract is of no force or effect due to the failure of consideration. On information and belief, Trading Capital Corporation and Papashvili claim that the franchise agreement

permits their use of the THE PEONIES SHOP name. TPS contends that even if the franchise agreement were valid and enforceable (which it contends is not the case), Trading Capital Corporation and Papashvili are still acting in violation of same.

54. Pursuant to California Code of Civil Procedure § 1060, TPS seeks a judicial determination of its rights and duties and a declaration that the franchise agreement is void and/or of no force and effect.

55. A judicial declaration is necessary and appropriate in order to prevent further litigation between the parties regarding this franchise agreement.

**PRAYER**

WHEREFORE, Plaintiffs The Peonies Shop LLC and The Peonies Shop America LLC pray for judgment as follows:

1. For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives, and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act predatory to the prohibited acts:

    (a) Infringing any trademark, copyright, or other intellectual property right owned or controlled by TPS;

    (b) Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of TPS's goods or causing confusion, deception, or mistake as to the source, nature, or quality of TPS's goods;

    (c) Causing the dilution of TPS's THE PEONIES SHOP trademark by blurring or by tarnishment;

    (d) Using any false designation of origin or false representation

concerning any of Defendants' goods; and

  (e) Otherwise misappropriating or interfering with TPS's rights in the THE PEONIES SHOP name and mark and/or continuing to market, advertise, offer, sell, transfer, or display products under the PEONIES FLOWERS SHOP name or assist in any such activity.

2. For an order directing Defendants, and each of them, to file with this Court and serve on TPS within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. For an order requiring Defendants, and each of them, to deliver to TPS all products, literature, advertising, or other material bearing any infringing trademarks and any material the use of which would constitute unfair competition;

4. For an order requiring Defendants to account for all sales and transfers of any infringing goods, including an order that they submit to TPS immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of infringing goods;

5. For an accounting from each Defendant of all profits, monies, and advantages that Defendants have obtained by reason of their wrongful conduct;

6. For monetary damages in an amount according to proof at trial and as permitted by law, but no less than $100,000;

7. For treble damages;

8. For unjust enrichment in an amount according to proof at trial and as permitted by law, but no less than $100,000;

9. For a judicial determination of TPS's rights and duties under the franchising agreement, and a declaration that the franchising agreement is void and/or of no force and effect;

10. For attorney's fees;

11. For costs; and

12. For such other and further relief as the Court deems just and proper.

DATED:  April 21, 2023                    REUBEN RAUCHER & BLUM


By: */s/ Timothy D. Reuben*
    Timothy D. Reuben
Attorneys for THE PEONIES SHOP LLC and THE PEONIES SHOP AMERICA LLC