Timothy D. Reuben [SBN 94312]
Trenton E. Hartzler [SBN 318319]
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 777-1990
Facsimile: (310) 777-1989
Email: tdr@rrbattorneys.com
Email: thartzler@rrbattorneys.com

JS-6

Attorneys for Plaintiffs THE PEONIES SHOP LLC
and THE PEONIES SHOP AMERICA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEONIES SHOP LLC, a California Limited Liability Company, and THE PEONIES SHOP AMERICA LLC, a Delaware Limited Liability Company,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>TRADING CAPITAL CORPORATION, a California Corporation; GIORGI PAPASHVILI, an individual; KATERYNA SHEVCHENKO, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-03054-JFW-AFMx<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION; [PROPOSED] ORDER THEREON WITH RESPECT TO DEFENDANTS TRADING CAPITAL CORPORATION AND GIORGI PAPASHVILI** |

Plaintiffs THE PEONIES SHOP LLC, a California Limited Liability Company, and THE PEONIES SHOP AMERICA LLC, a Delaware Limited Liability Company, (referred to collectively as "TPS") and Defendants TRADING CAPITAL CORPORATION, a California corporation, and GIORGI PAPASHVILI an individual, (together "Papashvili Defendants") stipulate and consent to the following:

**WHEREAS**, Papashvili Defendants adopted and began using trademarks in

the United States which are alleged to infringe or otherwise violate TPS's THE PEONIES SHOP common law trademark, as identified in TPS's complaint;

**WHEREAS**, Papashvili Defendants' use of names and marks confusingly similar to TPS's THE PEONIES SHOP trademark, specifically "PEONIES FLOWERS SHOP," in connection with goods offered for sale is likely to cause confusion as to source or origin;

**WHEREAS**, based on TPS's good faith use of the THE PEONIES SHOP trademark, TPS has superior and exclusive rights in and to the THE PEONIES SHOP trademark in the United States and any confusingly similar names or marks;

**WHEREAS**, this Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. 1121 and 28 U.S.C. 1331, 1338, and 1367;

Now therefore, **IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. The recitals set forth above are incorporated herein as a stipulation of Plaintiffs THE PEONIES SHOP LLC and THE PEONIES SHOP AMERICA LLC and Defendants TRADING CAPITAL CORPORATION and GIORGI PAPASHVILI (collectively, the "Parties").

2. Defendants TRADING CAPITAL CORPORATION and GIORGI PAPASHVILI, their entities, agents, subsidiaries, parent companies, shareholders, directors, officers, employees, affiliates, servants, representatives, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under its and/or his direction and control or in active concert or participation with it and/or him (together "Papashvili Defendants"), are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the THE PEONIES SHOP trademark or any marks similar thereto, including but not limited to "PEONIES FLOWERS SHOP", in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said

trademarks and specifically from:

    a.    Imitating, copying, or making unauthorized use of the THE PEONIES SHOP trademark;

    b.    Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any product bearing any mark which is likely to cause consumer confusion with the THE PEONIES SHOP trademark;

    c.    Manufacturing, distributing, selling, or offering for sale or in connection thereto any promotional materials, labels, packaging, or containers which picture, reproduce, or utilize the likeness of, or which are likely to cause consumer confusion with the THE PEONIES SHOP trademark;

    d.    Using any false designation of origin, false description, including words, symbols, or any trademark, trade name, trade dress, logo, or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Papashvili Defendants' customers, or members of the public, that products manufactured, distributed, sold, and/or offered for sale by Papashvili Defendants originate from TPS, or that said products have been sponsored, authorized, endorsed, approved, licensed by, associated, or are in any way connected or affiliated with TPS;

    e.    Transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Papashvili Defendants' possession, custody, or control bearing a design or mark substantially identical to or confusingly similar with the THE PEONIES SHOP trademark;

    f.    Diluting and infringing the THE PEONIES SHOP trademark and damaging TPS's goodwill, reputation, and businesses and/or those of any franchisee of TPS;

    g.    Otherwise unfairly competing with TPS, or its subsidiaries, franchisees, or affiliated companies, including but not limited to recruiting or

hiring TPS's employees or former employees, and/or those of TPS's subsidiaries, franchisees, or affiliated companies;

   h. Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of the THE PEONIES SHOP trademark, or any confusingly similar mark, trade name, trade dress, logos, or design;

   i. Instructing, assisting, inducing, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to above; and

   j. Using the THE PEONIES SHOP trademark or any confusingly similar mark in connection with the manufacture, importation, distribution, advertising, publicity, sale, and/or offering for sale of any other products or merchandise not otherwise referred to above.

  3. Papashvili Defendants shall not harm or in any way unfairly compete with TPS's business, the business of any TPS subsidiary, affiliate, or franchisee, or any business of Victoria Surma, including but not limited to opening, operating, marketing, financing, supporting, franchising, advising, instructing, assisting, inducing, aiding or abetting a flower shop or otherwise importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, marketing, selling, and/or offering for sale flowers under any name, including PEONIES FLOWERS SHOP, anywhere in the world.

  4. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Stipulated Judgment and Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

  5. This Judgment shall be deemed to have been served on Defendants TRADING CAPITAL CORPORATION and GIORGI PAPASHVILI at the time of its execution by the Court.

6. The Parties acknowledge and agree that any violation of the provisions of this Stipulated Judgment and Permanent Injunction will result in substantial damages and injury to TPS, the precise amount of which would be extremely difficult or impracticable to determine, even after the Parties have made a reasonable endeavor to estimate fair compensation for such potential losses and damages to TPS.  Accordingly, TPS shall have the right to seek from this Court liquidated damages in the amount of $20,000 per violation of the provisions hereof as a reasonable and fair amount of liquidated damages to compensate TPS for any loss or damage resulting therefrom.  The Parties agree that such sum bears a reasonable and proximate relationship to the actual damages which TPS will or might suffer from each violation of the provisions hereof and that this amount is not a penalty.  TPS shall also have the right to seek sanctions for contempt, injunctive relief, attorneys' and witness fees, court and other direct costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.

7. This Stipulated Judgment and Permanent Injunction shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

8. The Parties shall each bear their respective attorney's fees and costs incurred in connection with this action.

9. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Judgment and Permanent Injunction.

10. All products and materials which bear the THE PEONIES SHOP trademark or any confusingly similar mark, including but not limited to "Peonies Flowers Shop," currently in the possession, custody, or control of Papashvili Defendants shall be surrendered to TPS within 30 days or destroyed by Papashvili Defendants with evidence of same to be provided to TPS within 30 days. All other assets of Papashvili Defendants may be sold or disposed of in any manner so long

1    as not same does not bear the "Peonies Flowers Shop" name.

3    **IT IS SO ORDERED.**

5    DATED: _____July 5_, 2023

                       _____
                       Hon. John F. Walter
                       UNITED STATES DISTRICT JUDGE

10    **APPROVED AS TO FORM AND CONTENT:**

11    DATED: June 30, 2023

                       By: _____
                       Victoria Surma, Manager
                       THE PEONIES SHOP LLC

15    DATED: June 30, 2023

                       By: _____
                       Victoria Surma, Manager
                       THE PEONIES SHOP AMERICA LLC

19    DATED: June 29, 2023

                       By: _____
                       Giorgi Papashvili, Officer
                       TRADING CAPITAL CORPORATION

23    DATED: June 29, 2023

                       By: _____
                       Giorgi Papashvili

26    ///
27    ///
28    ///

**APPROVED AS TO FORM:**

DATED: June 30, 2023         REUBEN RAUCHER & BLUM

By: _____
Trenton E. Hartzler
Attorneys for THE PEONIES SHOP LLC and THE PEONIES SHOP AMERICA LLC

DATED: June 30, 2023         NADIA GUEORGUIEVA SEMERDJIEVA AT LAW

By: _____
Nadia Semerdjieva
Attorneys for CAPITAL TRADING CORPORATION and GIORGI PAPASHVILI