Timothy D. Reuben [SBN 94312]
Trenton E. Hartzler [SBN 318319]
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone:    (310) 777-1990
Facsimile:    (310) 777-1989
Email: tdr@rrbattorneys.com
Email: thartzler@rrbattorneys.com

**JS-6**

Attorneys for Plaintiffs THE PEONIES SHOP LLC
and THE PEONIES SHOP AMERICA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEONIES SHOP LLC, a California Limited Liability Company, and THE PEONIES SHOP AMERICA LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>TRADING CAPITAL CORPORATION, a California Corporation; GIORGI PAPASHVILI, an individual; KATERYNA SHEVCHENKO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-03054-JFW-AFM<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION; ORDER THEREON WITH RESPECT TO DEFENDANT KATERYNA SHEVCHENKO** |

Plaintiffs THE PEONIES SHOP LLC, a California Limited Liability Company, and THE PEONIES SHOP AMERICA LLC, a Delaware Limited Liability Company, (referred to collectively as "TPS") and Defendant KATERYNA SHEVCHENKO, an individual, ("Shevchenko") stipulate and consent to the following:

**WHEREAS**, Shevchenko adopted and began using trademarks in the United States which are alleged to infringe or otherwise violate TPS's THE PEONIES SHOP common law trademark as identified in TPS's complaint;

**WHEREAS**, Shevchenko's use of names and marks confusingly similar to TPS's THE

1
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION; [ ORDER THEREON RE: DEFENDANT SHEVCHENKO**

PEONIES SHOP trademark in connection with goods offered for sale is likely to cause confusion as to source or origin;

**WHEREAS**, based on TPS's good faith use of the THE PEONIES SHOP trademark, TPS has superior and exclusive rights in and to the THE PEONIES SHOP trademark in the United States and any confusingly similar names or marks;

**WHEREAS**, Shevchenko, despite having been listed on the Peonies Flowers Shop website as the "founder" of Peonies Flowers Shop, does not have any ownership interest in Defendant Capital Trading Corporation d/b/a Peonies Flowers Shop;

**WHEREAS**, Defendant Giorgi Papashvili is sole owner of and solely responsible for the management of Defendant Capital Trading Corporation d/b/a Peonies Flowers Shop;

**WHEREAS**, Defendant Giorgi Papashvili was solely responsible for listing Shevchenko on the Peonies Flowers Shop website and was solely responsible for the biography to go with Shevchenko's photograph;

**WHEREAS**, Defendant Giorgi Papashvili promised Shevchenko financial renumeration for the use of her name and appearance and her assistance in operating Peonies Flowers Shop;

**WHEREAS**, Defendant Giorgi Papashvili has not paid Shevchenko any moneys or other compensation pursuant to their agreement;

**WHEREAS**, Defendant Giorgi Papashvili requested Shevchenko to make postings on her personal social media regarding Peonies Flowers Shop;

**WHEREAS**, Defendant Giorgi Papashvili requested Shevchenko to solicit TPS's employees on social media;

**WHEREAS**, all such social media postings regarding Peonies Flowers Shop have been removed by Shevchenko;

**WHEREAS**, Defendant Giorgi Papashvili directed Shevchenko to take promotional photographs for Peonies Flowers Shop, some of which utilized the same location previously used by TPS in its advertising campaign;

**WHEREAS**, this Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. 1121 and 28 U.S.C. 1331, 1338, and 1367,

Now therefore, **IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. The recitals set forth above are incorporated herein as a stipulation of Plaintiffs THE PEONIES SHOP LLC and THE PEONIES SHOP AMERICA LLC and Defendant KATERYNA SHEVCHENKO (collectively, the "Parties").

2. Defendant KATERYNA SHEVCHENKO, her entities, agents, employees, affiliates, servants, representatives, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under her direction and control or in active concert or participation with her (together "Shevchenko"), are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the THE PEONIES SHOP trademark or any marks similar thereto in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said trademarks and specifically from:

   a. Imitating, copying, or making unauthorized use of the THE PEONIES SHOP trademark;

   b. Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any product bearing any mark which is likely to cause consumer confusion with the THE PEONIES SHOP trademark;

   c. Manufacturing, distributing, selling, or offering for sale or in connection thereto any promotional materials, labels, packaging, or containers which picture, reproduce, or utilize the likeness of, or which are likely to cause consumer confusion with the THE PEONIES SHOP trademark;

   d. Using any false designation of origin, false description, including words, symbols, or any trademark, trade name, trade dress, logo, or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Shevchenko's customers, or members of the public, that products manufactured, distributed, sold, and/or offered for sale by Shevchenko originate from TPS, or that said products have been sponsored, authorized, endorsed, approved, licensed by, associated, or are in any way connected or affiliated with TPS;

e.  Transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Shevchenko's possession, custody, or control bearing a design or mark substantially identical to or confusingly similar with the THE PEONIES SHOP trademark;

f.  Diluting and infringing the THE PEONIES SHOP trademark and damaging TPS's goodwill, reputation, and businesses;

g.  Otherwise unfairly competing with TPS, or its subsidiaries, franchisees, or affiliated companies, including but not limited to recruiting or hiring TPS's employees or former employees, and/or those of TPS's subsidiaries, franchisees, or affiliated companies;

h.  Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of the THE PEONIES SHOP trademark, or any confusingly similar mark, trade name, trade dress, logos, or design;

i.  Instructing, assisting, inducing, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to above; and

j.  Using the THE PEONIES SHOP trademark or any confusingly similar mark in connection with the manufacture, importation, distribution, advertising, publicity, sale, and/or offering for sale of any other products or merchandise not otherwise referred to above.

3.  The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Stipulated Judgment and Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

4.  This Judgment shall be deemed to have been served on Defendant KATERYNA SHEVCHENKO at the time of its execution by the Court.

5.  The Parties shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorney's and witness fees and court and other direct costs.

6.  This Stipulated Judgment and Permanent Injunction shall be conclusive for

purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

7.  The Parties shall each bear their respective attorney's fees and costs incurred in connection with this action.

8.  This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Judgment and Permanent Injunction.

9.  All products and materials which bear the THE PEONIES SHOP trademark or any confusingly similar mark, including but not limited to "Peonies Flowers Shop", currently in the possession, custody, or control of Shevchenko shall be surrendered to TPS within 30 days or destroyed by Shevchenko with evidence of same to be provided to TPS within 30 days.

**IT IS SO ORDERED.**

DATED: July 21, 2023

_____
Hon. John F. Walter
UNITED STATES DISTRICT JUDGE